# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN M. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-540 RWS |
| | ) | |
| NATION OF ISLAM, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Marilyn M. Williams[1]

for leave to commence this action without prepayment of the required filing fee. Having reviewed

the motion and the financial information submitted in support, the Court will grant the motion and

waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct plaintiff to

show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

*See* Fed. R. Civ. P. 12(h)(3).

### The Civil Complaint

Plaintiff filed her civil complaint on May 17, 2022, against defendant the Nation of

Islam. Plaintiff's 'Statement of the Claim' is as follows:

> Fall of 2019 – Spring of 2020 I visit the Nation of Islam Temple on West
> Florissant Ave. 63147. With me M. Williams wanting to learn about Islam and
> visit local Muslim Temple. I visit their website and registered myself and children
> [. . .]. After myself and children moved to 10225 Cedarhurst Dr. 63136. As of

---

[1]Plaintiff also attempts to bring this action on behalf of her minor children. Plaintiff, who is appearing *pro se*, cannot represent her children unless she is a lawyer authorized to practice law in the State of Missouri. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Services, Inc.,* 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney…may not engage in the practice of law on behalf of others"); *Iannaccone v. Law,* 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"). Accordingly, the Court will dismiss the minors from this lawsuit.

March 2020, St. Louis County, Missouri was closed school was closed and religious temple was closed. My family's human rights were violated. I ask the court to please take myself, my family's friends out of NOI system and provide us with payment for damages. My family has suffered personal, property and mental damage since March 2020.

On the Civil Cover Sheet, plaintiff alleges that the jurisdiction basis for bringing the present lawsuit is diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff additionally asserts that she is bringing the following causes of action: assault/libel/slander; personal injury/malpractice; housing/accommodation; other civil rights claims; claims under the Fair Labor Standards Act; claims under the Truth in Lending Act; generalized habeas corpus claims; property damages; education damages; rent/lease/ejectment; claims under Copyright/Patent; and claims under the Freedom of Information Act. Plaintiff does not elaborate any factual assertions for the aforementioned causes of action.

### Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff has not articulated any facts in her complaint showing that the instant action arises under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28

U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. It does not appear that diversity jurisdiction exists here because the amount in controversy has not been articulated. Moreover, there is no indication that plaintiff has been harmed in any way by the Nation of Islam and being "registered on their system." Thus, the amount in controversy does not appear to exceed $75,000 as required. Additionally, plaintiff has not alleged that the Nation of Islam, located in Florissant, resides in a different state from her. The parties both appear to be from the same state – Missouri – which is not allowed in order to maintain diversity jurisdiction under 28 U.S.C. § 1332

As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiffs SJ, SB, DW and MW are **STRICKEN**, from this action as plaintiff cannot represent their interests.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 21st day of June, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE